UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIP GREEN <br> 717 North 4th St. <br> Dennison, OH 44621 <br><br> on behalf of himself and all others similarly situated, <br><br>     Plaintiff, <br><br> vs. <br><br> VERITA TELECOMMUNICATIONS CORPORATION <br><br>     Serve Statutory Agent: <br><br>     Daniel A. Sarna <br>     2479 Russell Street <br>     Cuyahoga Falls, OH 44221 <br><br>     Defendant. | CASE NO. <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br> **PLAINTIFF'S COMPLAINT** <br><br> (Jury Demand Endorsed Herein) |

Now comes Plaintiff, Kip Green, by and through counsel, and for a Complaint against Defendant Verita Telecommunications Corporation ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practice and policy of not paying Plaintiff and other similarly-situated hourly employees for all hours worked and overtime compensation at the rate of one and one-half times their regular rate

of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducted operations in this District, conducts business throughout this District and Division, and because Plaintiff worked for Defendant out of its Brooklyn Heights Ohio office within this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a resident of Tuscarawas County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendant provided installation services of communications lines for cable and internet for commercial customers.

7. Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count I, as and when executed by other

individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS
**(Failure to Pay Overtime Compensation)**

12. Plaintiff was employed by Defendant as an hourly, non-exempt area lineman and underground cable layer between approximately February 2019 and August 2019.

13. Plaintiff and other hourly field employees worked over 40 hours per week and were not paid overtime compensation at a rate of time and a half for the hours they worked over 40 each workweek.

14. Plaintiff estimates that he worked approximately five hours per week for which he was not compensated during his employment with Defendant and was not paid time and a half for many such hours over 40.

**(Failure to Pay for All Hours Worked)**

15. Plaintiff and other similarly situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times, and they were not paid for the following work performed during a designated lunch period that was automatically deducted from their pay: a) getting tools, equipment and/or paperwork necessary to perform their work relating to the installation and/or maintenance of communications lines; and/or b) putting away tools, equipment, machines and/or paperwork necessary to perform work related to the installation and/or maintenance of communications lines; and/or c) performing work relating to the installation and/or maintenance of communications lines.

16. The amount of time Plaintiff and other similarly situated employees spent on this required and unpaid work varied, but amounted to approximately 30 – 60 minutes each day.

3

**(Defendant Willfully Violated the FLSA)**

17. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

19. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former hourly employees who were employed by Defendant in the field who were not paid overtime compensation at a rate of time and a half of their regular rate of pay for the hours they worked over 40 each workweek for the period of December 31, 2017 to the present.

20. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 30 persons.

21. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

22. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively

4

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Defendant's practice and policy of not paying Plaintiff and other similarly situated hourly workers overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

25. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

26. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated hourly workers have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the class under the FLSA;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ David J. Steiner
David J. Steiner (0075217)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
34555 Chagrin Blvd Suite 250
Moreland Hills, OH 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
david@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ David J. Steiner
One of the Attorneys for Plaintiff