UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CYLER WRIGHT ) | CASE NO. 1:20-cv-2872 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | |
| ) | |
| VERITA TELECOMMUNICATIONS ) | **ORDER APPROVING** |
| CORPORATION ) | **SETTLEMENT AND DISMISSING** |
| ) | **CASE** |
| Defendant. ) | |
| ) | |

Pending is the Parties' Joint Motion for Approval of Settlement (the "Joint Motion") in this Fair Labor Standards Act ("FLSA") collective action. Having reviewed the Joint Motion and attached Settlement Agreement and exhibits, as well as the pleadings and papers on file in this Lawsuit, and for good cause shown therein, the Court GRANTS the Joint Motion and enters this Final Order and Judgment Entry granting final approval of the collective action settlement as follows:

1. The proposed settlement set forth in the Settlement Agreement is fair, reasonable, equitable, and adequate; negotiated and entered into at arm's-length and in good faith between the parties and their experienced counsel; within the range of possible judicial approval; and the product of *bona fide* disputes.

2. The allocation of the settlement payments set forth in the Settlement Agreement is approved as a fair, equitable, and reasonable means of distributing payments to the named Plaintiff and opt-in Plaintiffs. The Court approves the service award to named Plaintiff Cyler Wright as reasonable considering his contributions as set forth in the Joint Motion.

4890-0492-8068.v2

3. Plaintiff counsel's requested attorney fee is reasonable considering the risks inherent in the litigation, hourly rate, and amount of time and effort incurred in the lawsuit. Plaintiff counsel's request for reimbursement of actual out-of-pocket expenses is also granted as reasonably incurred.

4. Kip Green has not filed a written statement opting-out of the Settlement Agreement and is therefore bound by its terms.

5. The Court DISMISSES THIS LAWSUIT WITH PREJUDICE.

6. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement and this Final Order and Judgment Entry.

7. The Court has jurisdiction to enter this Final Order and Judgment Entry. Without affecting the finality of this Final Order and Judgment Entry, the Court retains jurisdiction over the implementation, administration, and enforcement of this Final Order and Judgment Entry, the Settlement Agreement, and all matters ancillary thereto.

8. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately.

IT IS SO ORDERED this __14th__ day of __December__, __2022__.

/s/ Patricia A. Gaughan
Honorable Patricia Gaughan
United States District Court Judge

4890-0492-8068.v2